THE HONORABLE TIFFANY M. CARTWRIGHT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RYAN WALDRON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>　　　　　　Defendant. | Case No. 3:24-cv-05193-TMC<br><br>**UNUM LIFE INSURANCE COMPANY OF AMERICA'S ANSWER** |

COMES NOW Unum Life Insurance Company of America ("Unum") and hereby admits, denies, and alleges as follows:

## PRELIMINARY ALLEGATIONS

1.　Unum admits that Plaintiff asserts a claim for benefits pursuant to 29 U.S.C. § 1132 ("ERISA"). Unum further admits that Plaintiff's claims are directed toward an employee welfare benefit plan (the "Plan") established by James Hardie Building Products, Inc. ("Hardie").

2.　Unum admits, on information and belief, that Plaintiff was employed by Hardie and resides in Thurston County.

3.　Unum admits that it is a non-Washington insurer and that it is authorized to do business in Washington. Unum further admits it issued an insurance policy (the "Policy") that provides long-term disability ("LTD") benefits to eligible participants in the Plan. Unum states that its rights and obligations are governed by the Plan and Policy, which consist of written

UNUM LIFE INSURANCE COMPANY OF AMERICA'S ANSWER - 1
Case No. 3:24-cv-05193-TMC

JENSEN MORSE BAKER PLLC
520 Pike Street; Suite 2375
Seattle, Washington 98101
Phone: 206.682.1550

documents that speak for themselves. Unum denies the allegations to the extent they are inconsistent with these documents. Unum denies that it administrated Plaintiff's claim with a conflict of interest or bias.

4. Unum admits that the Plan was established by Hardie, that the Plan is governed by ERISA, that at one point Plaintiff was a participant in the Plan, and, on information and belief, that one or more participants in the Plan reside in this judicial district. Unum denies that Plaintiff is entitled to LTD or life insurance waiver of premium ("LWOP") benefits.

5. Unum states that it does not contest jurisdiction or venue at this time.

### FIRST CLAIM FOR RELIEF

6. Unum incorporates by reference the preceding paragraphs as though fully set forth herein.

7. Unum admits that plaintiff was employed by Hardie and was a participant in the Plan.

8. Unum denies the allegations.

9. Unum admits that Plaintiff made a claim for LTD and LWOP benefits, and that Unum denied Plaintiff's claim because Plaintiff did not qualify for benefits.

10. Unum admits that Plaintiff timely appealed and that Unum denied Plaintiff's appeal. Unum denies that its denial of Plaintiff's appeal was erroneous or wrongful.

11. Unum denies the allegations.

12. Unum denies the allegations.

13. Unum admits that Plaintiff exhausted his administrative remedies before filing this lawsuit. Unum denies that Plaintiff has performed all duties and obligations necessary to establish his entitlement to LTD or LWOP benefits.

14. Unum denies the allegations.

15. Unum denies the allegations.

16. Unum denies the allegations.

UNUM LIFE INSURANCE COMPANY OF AMERICA'S ANSWER - 2
Case No. 3:24-cv-05193-TMC

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

**REQUEST FOR RELIEF**

Unum denies that Plaintiff is entitled to the requested relief.

*Unum denies any and all allegations not expressly admitted above.*

**AFFIRMATIVE DEFENSES**

Unum, by way of further answer and affirmative defense, but not in diminution or derogation of the admissions or denials set forth above, and subject to amendment at the conclusion of all pretrial discovery, does allege and state the affirmative defenses enumerated below. Unum intends no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issue at law or in equity. Furthermore, all such defenses are pled in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever. Unum reserves the right to raise additional defenses.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's complaint, or some of the allegations in it, fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Unum affirmatively alleges that any alleged liability of Unum is subject to the terms, conditions, limitations, endorsements, exclusions, and effective dates of the documents and instruments governing the Policy and Plan.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred under the terms of the Policy and Plan including, but not limited to, the insuring agreements, definitions, and exclusions thereto. Copies of the governing Policy and Plan documents are incorporated into this answer by reference as if fully set forth herein. Unum reserves the right to rely upon any and all provisions and terms of the Policy and Plan in the defense of this matter.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to provide Unum with information establishing that he qualifies for

UNUM LIFE INSURANCE COMPANY OF AMERICA'S ANSWER - 3
Case No. 3:24-cv-05193-TMC

**JENSEN MORSE BAKER PLLC**
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

benefits; therefore, Plaintiff's complaint should be dismissed.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to satisfy all conditions precedent and conditions subsequent to receiving benefits under the Policy and Plan, requiring dismissal of this claim.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the claims determination was not arbitrary, capricious, unreasonable, or made in bad faith; rather, the claims determination was reasonable and in accordance with the documents and instruments governing the Policy and Plan.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's demand for attorneys' fees should be denied, because Unum's defenses to this action are reasonable and made in good faith.

**EIGHTH AFFIRMATIVE DEFENSE**

If the Court should determine that Plaintiff is entitled to disability benefits, the entitlement to which Unum denies, then, pursuant to the Policy and Plan documents, Unum is entitled to an offset of any benefits payments for other income received by plaintiff and/or an estimated amount of other income, including, but not limited to, Social Security disability benefits, workers' compensation, other group disability benefits collected by Plaintiff and any other sources of income received by plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff is deemed entitled to recover benefits, and without admitting plaintiff is entitled to recover benefits under the Plan and Policy, such immediate entitlement does not mean Plaintiff has an entitlement to unlimited future benefits given, inter alia, the possibility for future recovery from any disabling conditions (the existence of which are denied), as well as the effect of different Plan and Policy requirements, exclusions, or limitations. The Plan and Policy do not permit or provide for payment of accelerated or future benefits.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for declarative and injunctive relief is not ripe, and there is no justiciable

UNUM LIFE INSURANCE COMPANY OF AMERICA'S ANSWER - 4
Case No. 3:24-cv-05193-TMC

JENSEN MORSE BAKER PLLC
520 Pike Street; Suite 2375
Seattle, Washington 98101
Phone: 206.682.1550

controversy regarding Plaintiff's alleged entitlement to future benefits under the Policy.

## RESERVATION OF RIGHTS

Unum specifically reserves the right to amend its answer by way of adding additional affirmative defenses and/or counterclaims and/or by striking affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiff's complaint, Unum prays for judgment as follow:

1. For dismissal of Plaintiff's claims with prejudice;
2. For its costs and attorneys' fees; and
3. For such other and further relief as the Court deems just and equitable.

DATED: June 4, 2024

JENSEN MORSE BAKER PLLC

By *s/Gabriel Baker*
Gabriel Baker, WSBA No. 28473
Gabe.baker@jmblawyers.com

520 Pike Street; Suite 2375
Seattle, WA 98101
Tel. 206.682.1550

Attorneys for Defendant Unum Life Insurance Company of America

UNUM LIFE INSURANCE COMPANY OF AMERICA'S ANSWER - 5
Case No. 3:24-cv-05193-TMC

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

# CERTIFICATE OF SERVICE

Pursuant to RCW 9A.72.085, the undersigned certifies, under penalty of perjury under the laws of the United States of America and the State of Washington, that on the 4th day of June, 2024, the document attached hereto was delivered to the below counsel in the manner indicated.

*Counsel for Plaintiff*

Stacy Monahan Tucker, WSBA No. 43449
Monahan Tucker Law, P.C.
14241 NE Woodinville-Duvall Road; Suite 382
Woodinville, WA  98072
smtucker@mtlawpc.com

☒ by CM/ECF
☒ by Electronic Mail
☐ by Facsimile Transmission
☐ by First Class Mail
☐ by Hand Delivery
☐ by Overnight Delivery

DATED this 4th day of June, 2024, in Kansas City, MO.

By *s/Gwendolyn M. Wall*
Gwendolyn M. Wall, paralegal

UNUM LIFE INSURANCE COMPANY OF AMERICA'S ANSWER - 6
Case No. 3:24-cv-05193-TMC

**JENSEN MORSE BAKER PLLC**
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550