THE HONORABLE TIFFANY M. CARTWRIGHT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RYAN WALDRON,

        Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA,

        Defendant.

Case No. 3:24-cv-05193-TMC

**UNUM LIFE INSURANCE COMPANY OF AMERICA'S REPLY RE: MOTION FOR JUDGMENT ON THE RECORD PURSUANT TO RULE 52**

## I.    Overview

Plaintiff believes that he became disabled due to a COVID vaccine, but numerous medical professionals including his own primary care provider ("PCP") disagree. Thus, Plaintiff has not met his burden of proving that he was continuously disabled during the **elimination period** as necessary to qualify for long-term disability ("LTD") benefits pursuant to Group Policy No. 414909 (the "Policy"), and the Court should enter judgment in Unum's favor based on the Administrative Record pursuant to Rule 52.

## II.    Argument

**A.    Plaintiff Has Not Shown That He Was Continuously Disabled During The Elimination Period.**

In order to meet his burden of proof, Plaintiff must prove that he was "continuously disabled through [his] **elimination period**," which is the later of "180 days; or the date your

UNUM'S REPLY RE: RULE 52 MOTION - 1
3:24-cv-05193-TMC

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

insured Short Term Disability payment end, if applicable." AR118. Plaintiff's **elimination period** ran from May 2021 (the month during which he allegedly became disabled) until November 9, 2021, the date on which his short-term disability ("STD") payments ended. *See* AR717. Ignoring the Policy's requirement that Plaintiff provide evidence that he was *continuously* disabled throughout the **elimination period**, Plaintiff argues that he was disabled at certain points during the **elimination period**. *See* Dkt. 18 ("Plaintiff's Opposition") at 2, 3, 8. But the fact that Plaintiff may have been disabled for a portion of the **elimination period** is irrelevant. Instead, judgment should be entered in Unum's favor because Plaintiff has not met his burden of proving *continuous* disability throughout the **elimination period**.

**B.     Plaintiff's Argument That The Court Should Disregard The Opinion Of His Own PCP Is Unconvincing.**

If Plaintiff had in fact been continuously disabled through the **elimination period**, his PCP Mr. Surette would undoubtedly have said so.[1] Instead, on February 20, 2022, Mr. Surette signed a statement confirming his "agreement that the medical evidence does not support that Ryan Waldron was/is precluded from 10/25/21 forward from performing sustained full-time (forty hours per week) activities." AR688 (emphasis added). Plaintiff's extensive efforts to excise his PCP's opinion from the Administrative Record are unavailing.

**1.     Plaintiff's initial argument – that Mr. Surette's opinion was limited to diagnostic testing rather than medical evidence – was incorrect.**

Plaintiff's Motion (Dkt. 15) inaccurately characterized Mr. Surette's signed statement as indicating only that Mr. Surette agreed "that the ***diagnostic testing*** did not support Waldron's disability from October 25, 2021 forward." Dkt. 15 at 13 (emphasis added). This mischaracterization substituted the narrow term "diagnostic testing" for the broad term that was actually used – "medical evidence." AR689. Mr. Surette's statement also made it clear that medical evidence is not limited to diagnostic testing, but also includes physical exam findings,

---

[1] The Court may take judicial notice of the fact that Mr. Surette is the Chair of the Legislative Committee of the Washington Academy of Physician Assistants ("WAPA"), and was recently named as WAPA's "PA of the Year" for 2024. *See* https://wapa.com/leadership/ and https://x.com/wapa_pa/status/1839425083258835150.

UNUM'S REPLY RE: RULE 52 MOTION - 2
3:24-cv-05193-TMC

**JENSEN MORSE BAKER PLLC**
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

treatments and prognoses. *Id.* Thus, Mr. Surette's February 20, 2022 statement clearly communicated his belief that Plaintiff was in fact able to work full-time as of October 25, 2021, which indicates that Plaintiff was not continuously disabled during the **elimination period**. Plaintiff's Motion did not suggest or argue that Mr. Surette somehow made a mistake when he signed the February 20, 2022 statement.

> 2. **Plaintiff's new argument – that Mr. Surette checked the wrong box – is also incorrect.**

After reviewing Unum Motion (Dkt. 16), Plaintiff revised his position. Instead of arguing that Mr. Surette's statement was limited to diagnostic testimony, Plaintiff's Opposition argues for the first time that Mr. Surette checked the wrong box in connection with his statement, such that he actually intended to certify that Plaintiff *was* unable to work as of October 2021. This belated argument is specious. Both Unum's February 28, 2022 letter denying Plaintiff's claim for LTD benefits (AR708) and its May 12, 2023 letter upholding the denial (AR3596) specifically cited Mr. Surette's February 20, 2022 statement as evidence that supported Unum's decision. If Mr. Surette had actually checked the wrong box as Plaintiff now argues, Plaintiff undoubtedly would have corrected the mistake when Plaintiff submitted his appeal.

That did not happen. Instead, Plaintiff says that he attempted to contact Mr. Surette to clarify his opinion, but that Mr. Surette had left his practice at Tumwater Family Practice at that time. *See* Plaintiff's Opposition at 8. Although Plaintiff is careful not to say that he was *unable* to contact Mr. Surette, Plaintiff implies that Mr. Surette would have corrected his supposed mistake had Plaintiff been able to contact him. But it is obvious that Plaintiff was able to contact Mr. Surette, whose contact information can easily be found with a simple internet search. If Mr. Surette had actually checked the wrong box in February 2022, Plaintiff would have been able to provide the Court with evidence of that fact instead of mere speculation. Moreover, if Plaintiff actually believed that Mr. Surette had checked the wrong box, he would not have waited for his reply brief to assert that argument for the first time.

> 3. **Mr. Surette's February 2022 opinion that Plaintiff was able to work is fully consistent with Mr. Surette's prior statements.**

UNUM'S REPLY RE: RULE 52 MOTION - 3
3:24-cv-05193-TMC

Plaintiff also argues that Mr. Surette's February 20, 2022 statement that "the medical evidence does not support that Ryan Waldron was/is precluded from 10/25/21 forward from performing sustained full-time (forty hours per week) activities" is inconsistent with statements made by Mr. Surette on December 1, 2021; December 7, 2021; January 13, 2022; and February 15, 2022. But there is no inconsistency.

On December 1, 2021, Mr. Surette signed forms indicating that he believed Plaintiff could return to work by May 2, 2022, but that "Pending multiple specialty eval. he *may be able to return to work in the near future*." AR94-95; AR3273-74 (emphasis added). Thus, Mr. Surette clearly believed that Plaintiff could potentially be capable of returning to work in the near future. In contrast to his statements of December 1, 2021 and February 20, 2022,, Mr. Surette's progress notes dated December 7, 2021; January 13, 2022; and February 15, 2022 do not express any medical opinions regarding Plaintiff's ability to return to work.

The December 7, 2021 progress note states that, according to Plaintiff, although medications "have offered him significant benefits to his energy as well as decreasing his headaches, these are still things he struggles with regardless," Plaintiff reportedly "cycles between 1 week of having improved energy level and the next week he may be fatigued and can't get out of bed." AR751. The note furthers states, "patient seems to be improving with regards to his symptoms, however still significant disability from postviral or postvaccine context." Contrary to Plaintiff's Opposition, this progress note plainly does not express a medical opinion regarding Plaintiff's specific capacity to return to work but merely contains a generic statement indicating that Plaintiff continues to report "significant disability."

On January 13, 2022, Plaintiff reported to Mr. Surette that "he has had a bit of a flareup of symptoms over the course of the last 2 weeks or so with fatigue seeming worse, decreased medical tolerance," and that he is "convinced that the improvement that he had was just part of the natural course of the disease process and not because of a cause and effect with the medications offering benefit." AR3037. Plaintiff also told Mr. Surette that he was "using company called Health Rising, who is suggesting treatment with Maraviroc, statins, and

UNUM'S REPLY RE: RULE 52 MOTION - 4
3:24-cv-05193-TMC

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

Ivermectin," but that Mr. Surette was "concerned over [Plaintiff's] possible use of unproven treatments including antiretroviral medications and anti-helminth agents with questionable data to support use." AR3037-338. This progress note does not express any medical opinion regarding Plaintiff's ability to work.

On February 15, 2022, Plaintiff reported that "he tried tapering off of the propranolol altogether and had initially felt well for a few days, but after a week…had a relapse of his fatigue issues so he restarted the medication which seemed to offer some benefit." AR3035. Dr. Surette recorded that he was "happy to hear that patient is improving," and that Dr. Surette was "hopeful that he will be able to return to higher degree of participation in normal day-to-day activities." AR 3036. Once again, Mr. Surette does not express any medical opinion regarding Plaintiff's ability to work.

There is no inconsistency between the progress reports and the medical opinions expressed by Mr. Surette's in December 2021 (that Plaintiff could return to work by May 2, 2022 or in the near future) and February 2022 (that the medical evidence did not demonstrate that Plaintiff was precluded from working as of October 25, 2021). Rather, in the course of treating Plaintiff from December 2021 to February 2022, Mr. Surette's opinion that Plaintiff *may* be capable of returning to work solidified into his opinion that Plaintiff *was* capable of returning to work.

There is, however, inconsistency between Plaintiff's perceptions of his limitations and appropriate medical treatments thereof, and Mr. Surette' professional medical opinion regarding these topics. And it is unsurprising that Mr. Surette's opinion as a medical expert outweighs Plaintiff's lay opinion – "The claimant's 'subjective evidence is persuasive only to the extent it is corroborated by other evidence of medically documented impairments showing that she has functional limitations or restrictions that render her disabled from working.'" *Louis v. The Hartford Life and Accid. Ins. Co.*, Case No. 2:19-cv-00056-MJP, 2020 WL 39145 at *8 (W.D. Wash. Jan 3, 2020) (quoting *Perryman v. Provident Life and Accid. Ins. Co.*, 690 F. Supp. 2d 917, 93 (D. Ariz. 2010)).

UNUM'S REPLY RE: RULE 52 MOTION - 5
3:24-cv-05193-TMC

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

This is a very unusual case because Plaintiff's own PCP (who had every personal and professional incentive to support Plaintiff's disability claim to the extent consistent with medical ethics) has certified that the medical evidence does not show that Plaintiff was unable to work during the **elimination period**. And the fact that Plaintiff must disavow his own PCP's opinion in order to make his case is telling. Ultimately, Plaintiff cannot meet his burden of proof when both his own providers and Unum's experts agree that the medical evidence fails to demonstrate that he was continuously disabled during the **elimination period**.

### C.     The Additional Medical Opinions In The Record Weigh Against Plaintiff.

#### 1.     The medical providers who treated Plaintiff during the *elimination period* did not opine that he was unable to work.

In addition to Mr. Surette, Plaintiff treated with at least the following providers during the **elimination period**: Ms. Casler, Mr. Kuo, Dr. Zoltani, Dr. Denman, Dr. McMullen; Dr. Rossow, Dr. Ferris, Dr. Kanthawatana, Dr. Swift, Ms. Gentzler and other physical therapists, and Dr. Ferris. *See* AR248; AR282; AR320; AR328; AR385; AR412; AR413; AR407; AR408; AR447; AR504; AR605; AR1904-4; AR3217. Plaintiff does not dispute that none of these treating providers opined that he was unable to work during the **elimination period**, despite having every opportunity to do so.[2] The Administrative Record documents over 30 encounters between Plaintiff and these providers during the **elimination period**, but contains no indication that any of them ever instructed Plaintiff to avoid work or opined that he was disabled during or after any of these appointments.

#### 2.     The post-*elimination period* opinion provided by Dr. Murinova should not be given significant weight.

Dr. Murinova saw Plaintiff on January 6, 2022, months after the elimination period expired. *See* AR504. Her nine pages of file notes includes a single sentence on which Plaintiff relies as evidence that he was disabled during the **elimination period** – "Plaintiff feels not only

---

[2] Plaintiff's Opposition states that Dr. Swift's records were "consistent with an inability to perform the duties of his regular" opposition, but admits that that Dr. Swift recommend that Plaintiff consult with his local treating providers regarding any work restrictions rather than actually providing her own work restrictions. *See* Dkt. 18 at 3-4.

UNUM'S REPLY RE: RULE 52 MOTION - 6
3:24-cv-05193-TMC

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

severe disabling pain, but is also unable to function due to headaches." AR508. On its face, that sentence is ambiguous regarding whether "unable to function" represents Dr. Murinova's medical opinions or whether she is merely recording Plaintiff's own beliefs. However, giving Plaintiff the benefit of the doubt, Unum attempted to call Dr. Murinova to discuss her opinion and also sent her a letter explaining that the medical evidence did not appear to support functional limitations during the **elimination period** and inviting Dr. Murinova to respond. *See* AR688-89. But Dr. Murinova did not respond.

The sentence relied upon by Plaintiff should not be given significant weight for numerous reasons. It is unclear whether the sentence was actually providing Dr. Murinova's medical opinion, and Dr. Murinova declined to clarify when Unum gave her the opportunity to do so. Even if the sentence reflects Dr. Murinova's medical opinion, it does not purport to address Plaintiff's functionality during the **elimination period** that ended on November 9, 2021. Perhaps most significantly, there is no reason why Dr. Murinova's opinion based on a single visit after the **elimination period** had ended should outweigh the opinion of Plaintiff's PCP Mr. Surette, who regularly treated Plaintiff throughout the **elimination period**.

### 3. Dr. Palacios did not opine that Plaintiff was disabled during the *elimination period*.

On August 16, 2022, Dr. Palacios signed a form expressing his opinion that Plaintiff was unable to work *as of May 2, 2022*. *See* AR941. In fact, the form included the May 2, 2022 date in two separate places. *Id.* Plaintiff's Opposition mistakenly argues that Dr. Palacios actual opined that Plaintiff was unable to work *as of May 2, 2021*. *See* Dkt. 18 at 4, citing to AR3276. But AR3276 is the form that Mr. Surette signed on December 1, 2021, not the form that Dr. Palacios signed on August 16, 2022. *See* AR 3276.[3] By comparing AR941 and AR3276, the

---

[3] As Plaintiff's Opposition points out, Unum's expert Dr. Winkel mistakenly noted that Dr. Palacios had opined that Plaintiff was unable to work as of May 2, 2021. *See* AR3517. Plaintiff is also correct that Unum's counsel mistakenly believed that both Dr. Palacios and Dr. Zielinski had provided opinions regarding Plaintiff's work capacity. These mistakes were inadvertent, and Unum presumes that Plaintiff's mistake in citing to Mr. Surette's opinion instead of Dr. Palcios' opinion was inadvertent as well.

UNUM'S REPLY RE: RULE 52 MOTION - 7
3:24-cv-05193-TMC

JENSEN MORSE BAKER PLLC
520 P<small>IKE</small> S<small>TREET</small>; S<small>UITE</small> 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

Court can verify that Dr. Palacios certified that Plaintiff was unable to work as of May 2, 2022, which in no way demonstrates that Plaintiff was continuously unable due to work during the **elimination period** of May 2021 through November 9, 2021. Given that Dr. Palacios did not begin to treat Plaintiff until April 2022, he did not have any basis to opine on Plaintiff's functionality during the **elimination period**. Even if Dr. Palacios' opinion had a foundation, it would carry much less weight than the opinion of Mr. Surette, who was Plaintiff's PCP throughout the **elimination period**.

    **4.    Dr. Callahan did not opine that Plaintiff was disabled during the *elimination period*.**

Dr. Megan Callahan performed a neuropsychological evaluation of Mr. Waldron on January 20, 2023, and generated a lengthy report that included a statement that "it will be very difficult and unreasonable for him to return to work" until his symptoms resolve and/or are better managed. *See* AR3027.[4] Like Dr. Palacios, Dr. Callahan lacks foundation to opine regarding Plaintiff's ability to work during the **elimination period**, which expired over a year before she examined Plaintiff. Similarly, her post hoc opinion generated in January 2023 does not outweigh the opinion of Mr. Surette who regularly treated Plaintiff during the **elimination period**.

    **5.    Unum's medical experts concurred with Mr. Surette's opinion that Plaintiff was able to work during the *elimination period*.**

Unum obtained expert medical opinions regarding Plaintiff's functionality during the **elimination period** from Dr. Kim, Dr. Gross, and Dr. Winkler. *See* AR694; AR705; and AR3567. These doctors each independently reviewed Plaintiff's medical records, and ultimately agreed with Mr. Surette that the medical evidence failed to support that Plaintiff was continuously unable to work during the **elimination period**. Plaintiff's Opposition does not even mention Dr. Kim, Dr. Gross, or Dr. Winkler, let alone explain why their opinions should not be given weight, particularly when they are consistent with the opinion provided by Plaintiff's PCP.

**D.    Plaintiff's Additional Arguments Are Unconvincing.**

---

[4] Counsel for Unum did not notice this sentence when preparing Unum's Motion, and apologizes to the Court and to Plaintiff's counsel for the oversight.

UNUM'S REPLY RE: RULE 52 MOTION - 8
3:24-cv-05193-TMC

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

1. **Plaintiff's Eligibility For STD Benefits Is Irrelevant.**

Plaintiff's Opposition argues that Plaintiff's eligibility for STD benefits somehow indicates that Plaintiff was disabled during the **elimination period** as necessary to qualify for LTD benefits. *See* Dkt. 18 at 2-3. Plaintiff's cites no authority for this argument, which is logically incorrect. The fact that Plaintiff may have qualified as disabled prior to May 2021 in no way implies that he was continuously disabled during the **elimination period** of May 2021 through November 9, 2021 as necessary to qualify for LTD benefits .

2. **Unum's alleged failure to consider Plaintiff's work hours is untrue and irrelevant.**

Plaintiff's Opposition argues that Unum's denial of benefits was unreasonable because Unum purportedly failed to consider that his regular occupation required him to be "at the plant" for 60-70 hours per week. *See* Dkt. 18 at 8-9. Rather than failing to consider Plaintiff's work hours, Unum's May 12, 2023 letter quoted the Policy language stating that **regular occupation** means "the occupation you are routinely performing when your disability begins. Unum will look at your occupation as it is normally performed in the national economy, instead of how the work tasks are performed for a specific employer or at a specific location." AR3605. The letter further explained that it had obtained an independent vocational review to assess Plaintiff's job duties, and that the vocational rehabilitation consultant stated that, "Managers at Mr. Waldron's level would be expected to work over 40 hours per week." AR3598.

In any event, the parties agree that this matter involves the *de novo* standard review rather than abuse of discretion. Applying *de novo* review, the Court does not assess whether Unum's decision was reasonable or correct. Indeed, Unum's "interpretation is no longer relevant." *Muniz v. Amec Const. Management, Inc.*, 623 F.3d 1290, 1295, quoting *Lang v. Long–Term Disability Plan of Sponsor Applied Remote Tech., Inc.*, 125 F.3d 794, 798 (1997). Instead of reviewing Unum's decision, the Court "determines in the first instance if the claimant has adequately established that he or she is disabled under the terms of the plan." *Id.* at 1296.

3. **There is no evidence that Plaintiff was unable to earn 20% of his monthly indexed earnings as necessary to qualify for LTD benefits.**

UNUM'S REPLY RE: RULE 52 MOTION - 9
3:24-cv-05193-TMC

**JENSEN MORSE BAKER PLLC**
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

Unum's Motion referenced a Policy provision stating that eligibility for LTD benefits will end "during the first 24 months of payments, when you are able to work in your regular occupation on a **part-time basis**[5] and you do not." AR124. Plaintiff's Opposition argues that Plaintiff cannot rely on this provision because it was not discussed during the administrative process. *See* Dkt. 18 at 10. But it would have been nonsensical for Unum to reference the part-time provision in the administrative process, because it only applies if a claimant is approved for LTD benefits in the first instance, *i.e.*, "during the first 24 months of payment." By seeking back benefits in litigation, the Plaintiff has put the issue before the Court even though it was irrelevant during the administrative process. Because the record is devoid of any evidence that Plaintiff was unable to work on a **part-time basis** for the 24-month period that began in November 2021, there is no basis to award back benefits even if the Court determines that Plaintiff was disabled as of November 2021. .

    **4.**  **Unum did not deny Plaintiff's claim due to a lack of "objective evidence."**

Plaintiff's Opposition repeats the baseless argument that Unum secretly denied Plaintiff's claim based on the lack of objective evidence. The actual basis of Unum's decision was thoroughly explained in Unum's 15-page letter of May 12, 2023. *See* AR3595. The letter contains no reference whatsoever to objective evidence, but rather explained that "we considered all file evidence bearing on impairment." AR3605. Unum does not dispute that the Court should consider Plaintiff's reported systems, which were extensively considered and discussed in Unum's letter of May 12, 2023. *See* AR3603. Rather, Unum's position is that, as the Western District of Washington held in *Louis* "'subjective evidence is persuasive only to the extent it is corroborated by other evidence of medically documented impairments showing that she has functional limitations or restrictions that render her disabled from working.'" *Louis*, 2020 WL 39145 at *8, *quoting Perryman*, 690 at 943. Furthermore, "In assessing any proffered subjective evidence, courts should give little weight to after-the-fact conclusory opinions that *are contrary*

---

[5] **Part-time basis** means "the ability to work and earn between 20% and 80% of your indexed monthly earnings. AR134.

UNUM'S REPLY RE: RULE 52 MOTION - 10
3:24-cv-05193-TMC

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

*to the objective medical evidence in the record.*" *Id.*, citing *Jordan v. Northrop Grumman Corp. Welfare Benefit Plan*, 370 F.3d 869, 880 (9th Cir. 2004), *overruled on other grounds by Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955* (9th Cir. 2006) (emphasis added). In this case, Plaintiff's subjective evidence is outweighed by the medical evidence, including the opinion of his PCP.

### 5. Plaintiff may not incorporate 45 pages of briefing submitted by his former counsel.

After Plaintiff's Motion purported to incorporate by reference extensive legal arguments made by Plaintiff's former counsel in support of his appeal during the administrative process, Unum noted that such incorporation by reference is improper because it would result in briefing that far exceeds the page limits provided by the Local Civil Rules. *See, e.g., Russell v. WADOT Capital, Inc.*, Case No. C22-0531JLR, 2024 WL 2091770 (May 7, 2024) at *2, n. 1 ("The court will not consider arguments that Mr. Russell purports to 'incorporate by reference' from Ms. Russell's prior filings because incorporation of those filings would result in a brief that far exceeds the page limit set in this order."); *Gould v. Allstate Vehicle & Prop. Ins. Co.*, Case No. 2:22-cv-00820-LK, 2023 WL 3018865 (April 20, 2023) at *13 ("Allowing such incorporation would circumvent the length limit in Local Civil Rule 7(e)(4), so the Court does not consider the arguments in Allstate's separate filings in evaluating the Goulds' second motion to compel.")

Without citing any authority, Plaintiff's Opposition argues that Plaintiff is entitled to incorporate his prior counsel's legal briefing by reference because "the Court must consider the entire 4,776 page record anyways and Unum had the opportunity to respond to this information in the administrative process." Dkt 18 at 13. But the administrative process is not intended to involve legal briefing, and requiring insurers to utilize legal counsel during the administrative process would undermine one of the basic goals of ERISA, to control costs so that employees would fund employee benefit plans. *See, e.g. Newton v. v. Barish Chrysler-Plymouth Medical Plan*, 42 F.3d 1401 at *3  ("Furthermore, the structure of ERISA makes it clear that protection of beneficiaries was not the sole purpose of that statute—controlling costs by controlling state

UNUM'S REPLY RE: RULE 52 MOTION - 11
3:24-cv-05193-TMC

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

law claims was also part of Congress' purpose) (unpublished) (internal citations omitted). And, of course, there is no case law stating that ERISA matters are exempt from the page limits provided by the Local Civil Rules.

### III.  Conclusion

Plaintiff has not met his burden of proving that he was continuously disabled during the **elimination period** as necessary to qualify for LTD benefits, and Court should therefore enter judgment in Unum's favor.

DATED: January 23, 2025

JENSEN MORSE BAKER PLLC

By *s/ Gabriel Baker*
Gabriel Baker, WSBA No. 28473
Gabe.baker@jmblawyers.com

520 Pike Street; Suite 2375
Seattle, WA 98101
Tel. 206.682.1550

Attorneys for Defendant Unum Life Insurance Company of America

I certify that this memorandum contains 4,104 words, in compliance with the Local Civil Rules.

UNUM'S REPLY RE: RULE 52 MOTION - 12
3:24-cv-05193-TMC

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

# CERTIFICATE OF SERVICE

Pursuant to RCW 9A.72.085, the undersigned certifies, under penalty of perjury under the laws of the United States of America and the State of Washington, that on the 23rd day of January, 2025, the document attached hereto was delivered to the below counsel in the manner indicated.

| Counsel for Plaintiff | |
|---|---|
| Stacy Monahan Tucker, WSBA No. 43449<br>Monahan Tucker Law, P.C.<br>14241 NE Woodinville-Duvall Road; Suite 382<br>Woodinville, WA 98072<br>smtucker@mtlawpc.com | ☑ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |
| *Counsel for Plaintiff*<br><br>Glenn R. Kantor, CA Bar No. 122643<br>Brent Dorian Brehm, CA Bar No. 248983<br>Kantor & Kantor<br>9301 Corbin Avenue; Suite 1400<br>Northridge, CA 91324<br>Bbrehm@kantorlaw.net<br>gkantor@kantorlaw.net<br><br>*Admitted Pro Hac Vice* | ☑ by CM/ECF<br>☐ by Electronic Mail<br>☐ by Facsimile Transmission<br>☐ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |

DATED this 23rd day of January, 2025, in Kansas City, MO.

By *s/Gwendolyn M. Wall*
Gwendolyn M. Wall, paralegal

UNUM'S REPLY RE: RULE 52 MOTION - 13
3:24-cv-05193-TMC

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550