THE HONORABLE TIFFANY M. CARTWRIGHT

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| RYAN WALDRON,<br><br>  Plaintiff,<br><br>  vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>  Defendant. | Civil No. 3:24-cv-05193-TMC<br><br>**[PROPOSED] JUDGMENT** |

Pursuant to the Court's Order Granting Plaintiff's Rule 52 Motion for Judgment and Denying Defendant's Cross-Motion [Dkt. No. 20], the parties met and conferred and hereby submit the following [Proposed] Judgment.

[PROPOSED] JUDGMENT
Case No.: 3:24-cv-05193-TMC

Kantor & Kantor, LLP
9301 Corbin Ave., Suite 1400
Northridge, CA 91324
(818) 886-2525

On March 28, 2025, the Court issued its Order Granting Plaintiff's Rule 52 Motion for Judgment and Denying Defendant's Cross-Motion. [Dkt. No. 20]. The Court Found and Ordered that Ryan Waldron has established his disability under Unum's plan terms based on his regular occupation and is entitled to recover LTD benefits. [*Id.* at p. 36]. The Court Ordered the parties to meet and confer regarding the amount of benefits owed and any prejudgment interest and jointly submit a proposed judgment. [*Id.*]

During the meet and confer, the parties agreed how the benefits and prejudgment interest are calculated. However, the parties were unable to agree upon the period for which Waldron was entitled to recover LTD benefits pursuant to the Court's Order. Thus, the parties present the Court with a proposed judgment containing two options that represented the agreed upon amount of LTD benefits and interest, but for different periods of time.

The dispute between the parties is whether the Court found: 1) that Waldron was entitled to LTD benefits until the date of the Order and a remand to Unum for determination of continued benefits under the Plan thereafter; or 2) that he was entitled to 24 months of payments pursuant to the "regular occupation" standard applicable to that time period, with a remand to Unum to determine Waldron's eligibility for ongoing benefits pursuant to the "any gainful occupation" standard applicable once 24 months of payments have been made.

***Waldron's Position***

Waldron argues that the Court can award benefits to the date of judgment in situations where the first decision to deny benefits was simply contrary to the facts. Waldron observes that there are not multiple definitions of "disabled" in the Plan, but a single definition of disability with multiple components. (AR 3680). He also notes the Court determined Waldron has provided ample evidence that he could not perform even minimal job tasks, supported by evidence that he could not move for more than forty-five minutes per day without suffering a flare-up, suffered daily headaches, and could not use a computer. [Dkt. No. 20 at p. 32].

Waldron points to the Ninth Circuit's decision in *Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1163 (9th Cir. 2001) and its discussion about appropriate remedies in an ERISA case where the Plan lacked a valid grant of discretion on the claim administrator. *Grosz-*

[PROPOSED] JUDGMENT
Case No.: 3:24-cv-05193-TMC

1

Kantor & Kantor, LLP
9301 Corbin Ave., Suite 1400
Northridge, CA 91324
(818) 886-2525

1  *Saloman* stated that when the evidence in the record does not support a denial of benefits, a plan
2  administrator will not get a second bite at the apple when its first decision was simply contrary to
3  the facts. Waldron argues, as was the case with the defendant in *Grosz-Saloman*, Unum applied
4  the right definition of "disability," but came to the wrong conclusion. In such instances, remand is
5  not justified. *Id.*; *D.K. v. United Behavioral Health*, 67 F.4th 1224, 1243-44 (10th Cir. 2023)
6  (reviewing Circuit Court and Supreme Court decisions along with fact that Congress "did not give
7  administrators unlimited freedom to act improperly towards claimants" before upholding decision
8  declining to remand); *Hughes v. Puget Sound Elec. Workers Pension Trust Fund*, 780 F. Supp. 2d
9  1156, 1164 (W.D. Wash. 2011); *Hawthorne v. Zurich American Ins. Co.*, 2007 WL 1795319, at
10 *16 fn. 8 (W.D. Wash. June 18, 2007).

11  Waldron contends that when Unum wrongly denied benefits, he no longer had an
12 obligation to update Unum on his health status. Thus, he contends, it would be patently unfair to
13 hold any lack of evidence during the pendency of litigation against him. That said, Waldron does
14 not dispute that, under the terms of the Plan, Unum is entitled to evaluate his medical condition
15 post-judgment and make benefit determinations on the basis of then-existing facts. *Cook v. Liberty
16 Life Assur. Co. of Boston*, 320 F.3d 11, 24-25 (1st Cir. 2003); *A.A., ex real. J.A. v. Blue Cross and
17 Blue Shield of Illinois*, 2014 WL 910144, at *10 (W.D. Wash. March 7, 2014).

18  ***Unum's Position***

19  Unum's position is that the Court's holding is correctly limited to the "regular occupation"
20 period – "The Court holds that Waldron *was disabled within the meaning of the Plan with respect
21 to his 'regular occupation'* and is entitled to receive LTD benefits." Dkt. 20 at 2 (emphasis added).
22 Indeed, the issue addressed by the Court was "whether Waldron has met his burden to show by a
23 preponderance that he was disabled under the plan terms with respect to his 'regular occupation'
24 during and after the elimination period." *Id.* at 28. The Court noted that disability is determined
25 under the more stringent "any gainful occupation" standard after 24 months of payments, but did
26 not evaluate Waldron's eligibility for benefits under that standard, presumably because the issue
27 was not before the Court. *Id.* at 5. Neither party briefed the application of the "any gainful
28

[PROPOSED] JUDGMENT
Case No.: 3:24-cv-05193-TMC

2

Kantor & Kantor, LLP
9301 Corbin Ave., Suite 1400
Northridge, CA 91324
(818) 886-2525

occupation" standard, which was not at issue because Waldron has not received 24 months of payments.

Thus, from Unum's perspective, the Court plainly intended the back benefit judgment to cover the "regular occupation" period, with the question of Waldron's eligibility for further benefits under the "any gainful occupation" standard to be remanded to Unum as is standard practice in this judicial district. *See, e.g. Goodman v. First Unum Life Ins. Co.*, Case No. 2:21-cv-00902-BJR2023 WL 3224481 (W.D.Wash. May 3, 2023) at *11 ("The Court concludes that Goodman has established by a preponderance of evidence that she was disabled under the terms of the Plan at least through December 16, 2020…This determination is based on the Plan's definition of disabled under the 'regular occupation' standard. However, Unum…has never made a determination regarding whether Goodman meets the more stringent standard that the Plan imposes for continuing to pay disability benefits beyond 24 months, at which point a Plan participant is disabled only if they are 'unable to perform the duties of any gainful occupation for which [the participant] is reasonably fitted by education, training or experience.' Therefore, the Court remands the case to Unum to determine whether it is required to extend benefits to Goodman beyond the 24-month period in which the 'regular occupation' standard applies.*"*) (Internal citations omitted.) *See also Chapin v. Prudential Ins. Co. of American*, Case No. 2:19-cv-01256-RAJ2021, WL 1090749 (W.D.Wash. March 21, 2021) at *11 (remanding to plan administrator for determination of claimant's eligibility for ongoing disability benefits); *Houghton v. Hartford Life & Acc. Ins. Co.*, Case No. C16-1186RAJ 2017, WL 3839577 (W.D.Wash. Aug. 31, 2017) at *7 (same); *Maher v. Aetna Life Ins. Co.*, 186 F.Supp.3d 1117, 1130 (W.D.Wash. 2016) (same).

A remand for Unum to assess Waldron's eligibility for benefits under the "any gainful occupation" standard will in no way prejudice Waldron because he will be permitted to submit all relevant evidence to Unum and will also retain his right to judicial review in the event Unum determines that Waldron has not established his eligibility for benefits under the "any gainful occupation" standard.

To the extent Waldron is trying to use the proposed order as a platform to request reconsideration of the Court's order, the request should be denied. To the extent the Court intends

[PROPOSED] JUDGMENT
Case No.: 3:24-cv-05193-TMC

3

Kantor & Kantor, LLP
9301 Corbin Ave., Suite 1400
Northridge, CA 91324
(818) 886-2525

to entertain Waldron's request for a judgment that includes benefits for the "any gainful occupation" period, Unum respectfully requests the opportunity to properly brief this significant issue rather than addressing it in the limited context of a proposed judgment.

The Court reviewed the proposed judgment, including the arguments of the parties, and issues judgment as follows:

☐ Waldron is entitled to benefits for the 41 months from November 10, 2021 through April 9, 2025 in the amount of $236,999.83, plus $21,585.43 in interest at 5.29%, and reinstatement to the LTD and LI Plans. Waldron's entitlement to continued benefits under the LTD and LI Plans after April 9, 2025 is remanded to Unum for determination. Because Waldron's application for Social Security Disability Insurance benefits is pending, this judgment does not impact rights under the terms of the LTD Plan regarding deductible sources of income.*

☐ Waldron is entitled to benefits for the 24 months from November 10, 2021 through November 10, 2023 in the amount of $138,666.63, plus $11,019.71 in interest at 5.29%, and reinstatement to the LTD and LI Plans. Waldron's entitlement to continued benefits under the LTD and LI Plans after November 9, 2023 is remanded to Unum for determination. Because Waldron's application for Social Security Disability Insurance benefits is pending, this judgment does not impact rights under the terms of the LTD Plan regarding deductible sources of income.*

Consistent with the Court's prior Order, which is not altered, Plaintiff shall have 14 days after the entry of this judgment to file a motion for attorney's fees under 29 U.S.C. § 1132(g).

\* Unum requests the Court add the following language to any judgment it issues: "If Waldron is awarded benefits for any period covered by this judgment, Unum will be entitled to restitution for such overpayment in accordance with LTD Plan." Waldron objects to this language because the agreed upon language provides the protection Unum seeks with this language without creating a right (entitlement to restitution) that is not available to Unum under ERISA Unum believes the disputed sentence is appropriate and consistent with the section of the LTD Plan entitled "**WHAT HAPPENS IF UNUM OVERPAYS YORU CLAIM?**" See UA-CL-LTD-00010.

[PROPOSED] JUDGMENT
Case No.: 3:24-cv-05193-TMC

4

Kantor & Kantor, LLP
9301 Corbin Ave., Suite 1400
Northridge, CA 91324
(818) 886-2525

Dated: _____
Tiffany M. Cartwright
United States District Judge

[PROPOSED] JUDGMENT
Case No.: 3:24-cv-05193-TMC

5

Kantor & Kantor, LLP
9301 Corbin Ave., Suite 1400
Northridge, CA 91324
(818) 886-2525